**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN ROBISON** | ) | **CASE NO:  1:14-cv-863** |
| 8768 Simpson Ct. | ) | |
| Mason, OH  45040, | ) | **JUDGE _____** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GREEN TREE SERVICING, LLC** | ) | **JURY TRIAL DEMANDED** |
| c/o CT Corporation System, Stat. Agent | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, OH  44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **LANDMARK ASSET RECEIVABLES** | ) | |
| **MANAGEMENT, LLC** | ) | |
| c/o CT Corporation System, Stat. Agent | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, OH  44114 | ) | |
| | ) | |
| DefendantS. | ) | |

---

## COMPLAINT

---

NOW COMES PLAINTIFF, **JOHN ROBISON,** by and through the undersigned counsel, and for his complaint against Defendants **GREEN TREE SERVICING, LLC,** and **LANDMARK ASSET RECEIVABLES MANAGEMENT, LLC,** alleges and states as follows:

## **INTRODUCTION**

1.    This is an action for statutory and actual damages brought by Plaintiff, JOHN ROBISON, an individual consumer, against GREEN TREE SERVICING, LLC ("Green Tree") and LANDMARK ASSET RECEIVABLES MANAGEMENT, LLC ("Landmark") (collectively "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and which creates a private right of action to redress violations thereof.

2.    It is also for corollary claims under Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA") and under Ohio's mortgage satisfaction/release law, R.C. §5301.36(C).

## **VENUE AND JURISDICTION**

3.    The action arises under 15 U.S.C. §1692, a federal statute, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

4.    Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Green Tree transacts business in this District and the cause of action asserted herein arose in this District.

## **PARTIES**

5.    John Robison is, and was at all relevant times herein, a resident of Warren County, Ohio.

6.    Mr. Robison is a "consumer" as that term is defined under the FDCPA 15 U.S.C. §1692a(3) and the CSPA.

7.    On information and belief, Green Tree is a Delaware corporate entity, which is registered to do business in Ohio.

8.     Green Tree is a mortgage servicing company and attempts to collect debts or otherwise obtain funds from Ohio consumers.

9.     Green Tree is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

10.    On information and belief, Landmark is a Delaware corporate entity, which is registered to do business in Ohio.

11.    Landmark is mortgage purchaser and attempts to collect debts or otherwise obtain funds from Ohio consumers.

12.    Landmark is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

## **FACTS**.

13.    Sometime prior to May of 2014, Mr. Robison received notice that a defaulted mortgage on his property with HSBC was being purchased by Landmark.

14.    Mr. Robison also received notice that servicing on this defaulted mortgage was going to be transferred to Green Tree.

15.    In June, prior to the transfer and through counsel, Mr. Robison contacted HSBC and negotiated a settlement of that mortgage.

16.    That settlement agreement was memorialized in a letter from HSBC to Mr. Robison dated June 12, 2014.

17.    Because of the short time in which HSBC required payment of settlement funds, Mr. Robison requested permission to forward funds by wire transfer as opposed to mail as set forth in the settlement letter.

18. Agreeing to this request, HSBC forwarded wiring transfer instructions to Mr. Robison on the following day on June 13, 2014.

19. Mr. Robison wired the settlement funds to HSBC in a timely matter, per HSBC's instructions, on June 18, 2014.

20. Nonetheless, because of some type of procedural hang-up, HSBC transferred the file to Landmark and Green Tree.

21. On or about July 31, 2014, Green Tree contacted Mr. Robison to collect on the now satisfied mortgage debt.

22. At this time, Mr. Robison explained to Green Tree that the mortgage had been satisfied and that he was represented by counsel. Mr. Robison provided Green Tree with the name and contact information for his attorney.

23. Mr. Robison also faxed to Green Tree proof of the settlement and proof of payment.

24. On August 4, 2014, Mr. Robison's Counsel likewise faxed to Green Tree a copy of the HSBC settlement letter per Green Tree's request.

25. On August 5, 2014, Green Tree acknowledged that Mr. Robison's counsel was engaged in the matter by letter to him.

26. Despite receiving proof of satisfaction of the mortgage and the passage of more than ninety (90) days, Landmark and Green Tree have failed to record a satisfaction of mortgage on Mr. Robison's home with the county.

27. Instead, Green Tree dunned Mr. Robison for the entire alleged account balance on September 17, 2014, by letter to his counsel.

28. Mr. Robison's counsel twice attempted calls to Green Tree to clarify the matter.

29. When these efforts failed, Mr. Robison's counsel faxed and sent a letter to Green Tree on October 14, 2014.

30. Unhindered by these efforts to amicably resolve this matter, on October 17, 2014, Green Tree unlawfully sent a letter directly to Mr. Robison.

31. Then on October 20 and 23, 2014, Green Tree sent two additional unlawful direct contact letters to Mr. Robison.

32. In many of the communications with Mr. Robison and his counsel, Green Tree failed to identify itself as a debt collector and that the communication was in advance of the purpose of collecting a debt as required by 15 U.S.C. §1692e(11).

33. Landmark is liable for the actions of Green Tree described herein, as Green Tree is acting as Landmark's agent.

34. In connection with the facts, events, and averments herein, Defendants acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Plaintiff's rights and safety.

**FIRST CLAIM FOR RELIEF**
(FDCPA Violations)

35. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

36. Defendants violated 15 U.S.C. §1692b(6) and §1692c(a)(2) by continuing to contact Mr. Robison directly after being advised that he was represented by legal counsel.

37. Defendants' conduct violated 15 U.S.C. §1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. Defendants have violated 15 U.S.C. §§1692(e)(2)(A), & (10), and §1692(f)(1) by attempting to collect a debt that had been discharged..

5

39. Defendants violated 15 U.S.C. §1692e(11) by failing to disclose in its communications with Mr. Robison that it was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose.

40. Defendants have violated the FDCPA in other ways as described herein and to be proven at trial.

41. Under the FDCPA, John Robison is entitled to recover statutory damages, actual damages, attorney fees, and costs for the violations described herein.

## SECOND CLAIM FOR RELIEF
### (CSPA Violations)

42. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

43. As described herein and to be proven at trial, Defendants engaged in unfair and deceptive acts in violation of R.C. §1345.02 *et seq*.

44. As described herein and to be proven at trial, Defendants engaged in unfair and unconscionable acts in violation of R.C. §1345.03 *et seq*.

45. Specifically as described above, Defendants engaged in conduct which violates the FDCPA.

46. By violating the FDCPA, Defendants have violated CSPA.

47. Each of Defendants' violations of the FDCPA is a separate violation of the CSPA.

48. The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal.

49. Under the CSPA, Defendants are liable to John Robison for treble actual damages or $200 per violation, up to $5,000 for emotional and other noneconomic damages, plus costs and attorney fees.

### THIRD CLAIM FOR RELIEF
#### (Failure to Record Satisfaction of Mortgage)

50.   Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

51.   As noted, more than ninety (90) days have passed since Mr. Robison satisfied the mortgage in accordance with the HSBC agreement, yet Defendants have failed to record a satisfaction of mortgage with the county.

52.   As a result, Plaintiff is entitled to statutory damages of $250 pursuant to R.C. §5301.36.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.   That this Court award to John Robison statutory damages of $1,000 from Defendants herein for their various violations of the FDCPA.

B.   That this Court award to John Robison the greater or treble actual damages or statutory damages of $200 each for violations of the CSPA.

C.   That this Court award to John Robison $5,000 for noneconomic damages pursuant to R.C. 1345.09.

D.   That this Court award to John Robison $250 in damages pursuant to R.C. §5301.36(C).

E.   That this Court order Defendants to file a satisfaction of mortgage with relevant county government.

F.   That this Court award to John Robison actual damages in an amount to be proven at trial for damage to his credit and for emotional distress, including, without limitation, annoyance, aggravation, loss of reputation, embarrassment, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, and associated physical ailments.

G.  That this Court award attorney's fees, costs, and interest to John Robison pursuant to the FDCPA, CSPA, and other applicable law.

H.  That this Honorable Court award to John Robison such other and further relief as may be just and equitable.

Respectfully submitted,

s/ Michael L. Fine
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

s/ Michael L. Fine
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com